RECEIVED

SEP 2 3 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| TERRY B. CAMPBELL, JR. | CIVIL ACTION NO. 6:13-2840 |
| VERSUS | JUDGE REBECCA DOHERTY |
| HAROLD MILLER JR. TRUCKING & PAVING LLC, ET AL. | MAGISTRATE JUDGE C. MICHAEL HILL |

### MEMORANDUM RULING

Currently pending before the Court is a motion for default judgment [Doc. 8], filed by plaintiff Terry B. Campbell, Jr., against defendants Harold Miller Jr. Trucking & Paving, LLC and H & A Paving, LLC. For the reasons stated herein, the motion is GRANTED IN PART, DENIED IN PART, and DEFERRED IN PART.

**Factual and Procedural Background**

Pursuant to Count 1 of the Complaint, plaintiff seeks damages for defendants' failure to pay overtime wages. [Doc. 1, p. 3] Plaintiff asserts he is "an hourly, non-exempt former employee of Defendants." [Id. at 1] According to plaintiff's assertions, he was employed by defendants from August of 2010 to August of 2013, first as a laborer, and then as a shop foreman. [Id. at 2] Plaintiff alleges he "was an employee engaged in interstate commerce." [Id.] According to plaintiff, for the pay periods from December 30, 2011 through May 17, 2012, he was paid $11.25 per hour; from May 18, 2012 through August 2, 2012, he was paid $11.50 per hour; from August 3, 2012 through June 13, 2013, he was paid $12.25 per hour; and from June 14, 2013 through August 8, 2013, he was paid $12.50 per hour. [Id. at 3] Plaintiff asserts over the course of his employment, defendants failed to

1

pay him a total of $3,642.56 in overtime wages. [Id. at 3-4] Plaintiff seeks $3,642.56 in unpaid overtime compensation, liquidated damages in an amount equal to the unpaid overtime compensation, costs in the amount of $459.39, "and reasonable attorney's fees for 18.80 hours of attorney time and 25.20 paralegal hours." [Id. at 3-4; Doc. 8, p. 4]

Pursuant to Count 2 of his complaint, plaintiff seeks damages for defendants' failure to pay payroll taxes withheld from plaintiff's wages. [Doc. 1, p. 5] According to the complaint, over the course of his employment, defendants withheld from plaintiff's paychecks money designated for "Federal Withholding, Social Security, Medicare, State Withholding and State Unemployment." [Id.] According to plaintiff's affidavit submitted in connection with this motion, despite the withholding of payroll-related taxes from his paychecks, plaintiff has "been advised by the Internal Revenue Service and the Louisiana Department of Revenue that those amounts have never been paid by Harold Miller Trucking and H & A Paving to the Internal revenue Service and the Louisiana Department of Revenue. . . ." [Doc. 8-1, p.2] Pursuant to Count 2, plaintiff seeks an order that defendants be required "to account for and pay all taxes that have been withheld from his wages, along with any statutory damages, penalties, and attorney's fees to which Mr. Campbell may be subject to as a result of Defendants' actions." [Doc. 8, p.4]

## Legal Standard

Pursuant to Federal Rule of Civil Procedure 55(a), a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. . . ." Obtaining a default judgment requires a three-step process. First, "[a] default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Once the

default is established by affidavit or otherwise, "the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the default has been entered by the clerk, plaintiff may apply to the clerk or the court for a judgment based on such default.[1] Fed. R. Civ. P. 55(b); *New York Life* at 141.

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Jackson v. FIE Corp.* 302 F.3d 515, 524 (5th Cir. 2002). "A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). However, a defendant's default alone does not warrant entry of a default judgment; rather, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Id.* ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.")

Rule 55(b) grants a court discretion to convene an evidentiary hearing on the issue of damages. Fed. R. Civ. P. 55(b)(2)(B). Where "the amount claimed is a liquidated sum or one capable of mathematical calculation," a hearing is not necessary. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). "The court may rely on detailed affidavits or documentary evidence, supplemented by the judge's personal knowledge, to evaluate the proposed sum." *Richardson v. Salvation Army, Southern Territory, USA*, 161 F.3d 7 (5th Cir. 1998). The Court finds in this matter a hearing is not necessary on the issue of damages, as the Court finds the damages here

---

[1] "[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir.2001) (quoting *Williams v. Life Savings and Loan*, 802 F.2d 1200, 1203 (10th Cir.1986)). The Court has reviewed the return of service and the pleadings in this matter and concludes it has personal jurisdiction over defendants and subject matter jurisdiction over the claims.

are readily capable of mathematical calculation from plaintiff's affidavits, thus making an evidentiary hearing unnecessary.

Plaintiff filed this complaint against defendants on October 9, 2013. [Doc. 1] Defendants were served with the complaint on October 10, 2013. [Docs. 3, 4] Defendants have neither answered, nor made an appearance in this matter. The Clerk of Court entered plaintiff's default on November 20, 2013. [Doc. 7]

## Analysis

**1.     Count 1**

In this case, plaintiff seeks all unpaid overtime wages, liquidated damages in an amount equal to the unpaid overtime compensation, attorney's fees and costs, pursuant to 29 U.S.C. § 216(b).[2] Based upon the well-pleaded allegations of plaintiff's complaint, which the court accepts as true, and the declaration of plaintiff, the Court determines Defendants have violated the FLSA by failing to pay plaintiff overtime wages as required under the statute. By his affidavit, plaintiff has shown he is due overtime wages in the amount of $3,642.56. Accordingly, defendants owe plaintiff $3,642.56 as unpaid wages.

A plaintiff is entitled to an equal amount in liquidated damages if the failure to pay is a willful violation. 29 U.S.C. § 216(b). A district court may not reduce or eliminate liquidated

---

[2]The FLSA provides in pertinent part:

> Any employer who violates the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. . . .

29 U.S.C. § 216(b).

damages unless the employer carries its burden of establishing that its failure to comply with the FLSA was done in good faith. *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 928 (5th Cir.1999). As defendants have made no appearance in this matter, they have failed to establish their failure to comply with the FLSA was done in good faith. Accordingly, the court determines plaintiff is entitled to an equal amount in liquidated damages of $3,642.56, and thus the total amount of damages to which plaintiff is entitled is $7,285.12.

Plaintiff additionally seeks an unspecified amount of attorney's fees and $459.39 for costs. The Court determines plaintiff is entitled to $459.39 in costs. [*see* doc. 8-2, p.4] With regard to attorney's fees, while counsel for plaintiff has submitted the number of hours he and his paralegal devoted to this matter, they have not identified their rate of pay. Accordingly, the Court REFERS this matter to the Magistrate Judge for a determination of the amount of attorney's fees to which plaintiff is entitled.

2.   **Count 2**

With regard to Count 2 (failure to pay payroll taxes), plaintiff has failed to show he is entitled to relief, as plaintiff has not identified any statutory or jurisprudential authority for such a claim.[3] Indeed, the withholding of taxes by an employer "relieves the employee of any further responsibility for payment." *Bowen v. U.S.*, 836 F.2d 965, 966 (5th Cir. 1988). "When net wages are paid to the

---

[3] Although plaintiff cites certain provisions of the Internal Revenue Code [Doc. 8, ¶¶ 9, 10], the cited provisions do not provide a private right of action to an employee. Rather, those provisions provide the IRS with certain remedies where an employer fails to pay taxes held in trust on behalf of his or her employees. *See e.g. Arvin v. Go Go Inv. Club*, 129 F.3d 124, *1 (9th Cir. 1997) (IRC section 6672 does not provide a private right of action); *Levit v. Ingersoll Rand Financial Corp.*, 874 F.2d 1186, 1191-92 (7th Cir. 1989); *Swift v. Levesque*, 614 F.Supp. 172, 173 (D.Conn. 1985)("The statute serves as a collection device for the government, and not as a source of a cause of action between or among persons found to be 'responsible' parties").

employee, the taxes that were, or should have been, withheld are credited to the employee even if they are never remitted to the government; so the IRS has recourse only against the employer for their payment." *Mazo v. U.S.*, 591 F.2d 1151, 1154 (5th Cir. 1979); *see also Howard v. U.S.*, 711 F.2d 729, 733 (5th Cir. 1983); *Glanville v. Dupar, Inc.*, 727 F.Supp.2d 596, 602 (S.D.Tex. 2010)(no private right of action under FICA); La. R.S. 47:112, 113. Accordingly, plaintiff's motion for default judgment with regard to Count 2 is DENIED.

## Conclusion

In light of the foregoing, plaintiff's motion for default judgment [Doc. 8] is GRANTED IN PART, DENIED IN PART, and DEFERRED IN PART. Plaintiff's motion is granted to the extent he seeks a default judgment with regard to Count 1 of his complaint, and plaintiff is hereby AWARDED $7,285.12 in damages and $459.39 in costs. The motion is deferred to the extent it seeks an award of attorney's fees, and is referred to the Magistrate Judge for a determination of the amount of attorney's fees to which plaintiff is entitled. The motion is denied to the extent it seeks a default judgment as to Count 2 of the Complaint.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 23 day of September 2014.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT
DATE 9-23-14
BY CG
TO CmH / cgs