UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRY B. CAMPBELL, JR.** | ***CIVIL NO. 6:13-2840** |
| **VERSUS** | ***JUDGE DOHERTY** |
| **HAROLD MILLER, JR. TRUCKING & PAVING, LLC., ET AL.** | ***MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

By Order dated September 23, 2014, Judge Doherty awarded plaintiff, Terry B. Campbell, Jr. ("Campbell") attorneys' fees associated with the grant of a default judgment as to Count 1 of his Complaint seeking damages for failure to pay overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*  However, Judge Doherty was unable to determine the amount of attorney's fees to which Campbell is entitled from the documentation submitted since the customary hourly rate of counsel G. Andrew Veazey and his paralegal Angela Dugas were not submitted for their requested 18.80 and 25.20 (respectively) hours of work on this case.  Accordingly, that determination was referred to the undersigned Magistrate Judge for Report and Recommendation. [rec. doc. 11].

By Order dated September 29, 2014, the undersigned ordered plaintiff's counsel G. Andrew Veazey to file an amended Affidavit in support of Attorney's Fees setting forth his customary hourly rate and that of his paralegal Angela Dugas. [rec. doc. 12].  Counsel has complied with this Order. [rec. doc. 13].  This Report and Recommendation follows.

## LAW AND ANALYSIS

The Fifth Circuit uses the lodestar method for determining reasonable attorney's fees in FLSA actions. *Camp v. Progressive Corp*., 2004 WL 2149079, *19 (E.D. La. 2004) *citing Strong*, 137 F.3d at 850, *Heidtman*, 171 F.3d at 1043 and *Longden*, 979 F.2d at 1100-01. A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. *Id*. After making this calculation, the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] *Id.* The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account. Such reconsideration is impermissible double-counting. *Id. citing Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) *citing City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S.Ct. 2638, 120

---

[1] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. *Johnson*, 488 F.2d at 717-19.

"[O]f the *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Camp*, 2004 WL 2149079 at *20 *citing Migis v. Pearle Vision, Inc*., 135 F.3d 1041, 1047 (5th Cir. 1998) (citation omitted). Three of the *Johnson* factors, complexity of the issues, the results obtained, and preclusion of other employment, are fully reflected and subsumed in the lodestar amount. *Id. citing Heidtman*, 171 F.3d at 1043 *quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986), and *Shipes*, 987 F.2d at 319-22 & n. 9. After *Johnson* was decided, the "Supreme Court has barred any use of the sixth factor," whether the fee is fixed or contingent. *Id. citing Walker v. United States Dep't of Housing & Urban Dev*., 99 F.3d 761, 772 (5th Cir. 1996) *citing City of Burlington*, 505 U.S. at 567, and *Shipes*, 987 F.2d at 323.

L.Ed.2d 449 (1992) and *Shipes v. Trinity Indus.*, 987 F.2d 311, 319-20 (5th Cir.1993). Further, "[t]he lodestar . . . is presumptively reasonable and should be modified only in exceptional cases." *Id.* at *20 *citing Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir.1993) *citing City of Burlington*, 505 U.S. at 562 and *Heidtman*, 171 F.3d at 1043.

In this case, plaintiff's counsel, G. Andrew Veazey, has provided this Court with sufficient documentation demonstrating that he and his paralegal, Angela Dugas billed 18.80 and 25.20 hours of work on this case, respectively, all of which were reasonably expended. [rec. doc. 8-2]. The record reflects that G. Andrew Veazey has represented the plaintiff in this FLSA action since filing, and has filed both a Request for Entry of Default and a Motion for Default Judgment, both of which were granted.

Plaintiff's counsel has also submitted documentation demonstrating that while this case was handled on a contingency fee basis, his normal and customary hourly compensation rate is $225.00 to $250.00 per hour, and that of his paralegal is $75.00 to $90.00 per hour.[2] [rec. doc. 13]. An attorney's requested hourly rate is *prima facie* reasonable when he requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of prevailing market rates and the rate is not contested. *Id. citing LP & L*, 50 F.3d at 328. The hourly rates requested are within the prevailing market rates of the Lafayette legal community for similar services by lawyers and paralegals of reasonably comparable skills, experience and

---

[2] It is well established that fees for paralegal time are recoverable. *Camp*, 2004 WL 2149079 at *21 *citing Missouri v. Jenkins*, 491 U.S. 274, 288, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989), *Volk v. Gonzalez*, 262 F.3d 528, 535 (5th Cir. 2001), *Walker*, 99 F.3d at 773 and *Associated Builders & Contractors of La., Inc. v. Orleans Parish Sch. Bd.*, 919 F.2d 374, 380 (5th Cir. 1990).

3

reputation. Furthermore, the defendants do not contest the rates requested. Therefore, based on the Court's knowledge of the prevailing market rates in this legal community, the Court's familiarity with the qualifications and expertise of plaintiff's counsel and his law firm, Huval, Veazey, Felder & Renegar, LLC and recent awards of reasonable attorney's fees in this district, the requested customary hourly rates of Mr. Veazey and his paralegal Ms. Dugas of $225.00 and $75.00, respectively, are reasonable.

In light of the above, the fees are calculated as follows: for Mr. Veazey 18.80 hours at his reasonable hourly rate of $225.00 ($4230.00), for Ms. Dugas 25.20 hours at her reasonable hourly rate of $90.00 ($2268.00), for a total of $6498.00.

The court next applies the *Johnson* factors, as amended by subsequent case law, to the lodestar amount. The *Johnson* factors have been evaluated as follows: (1) the time and labor required have already been considered; (2) although the legal issues were not novel, the procedural and factual issues, had the case proceeded to trial, were difficult and complex; (3) the skill required to perform the legal services properly has already been considered; (4) plaintiff's counsel presented no evidence on this factor; (5) the customary fee has already been considered; (6) whether the fee is fixed or contingent is no longer a permissible factor; (7) there were no particular time limitations imposed by the client or circumstances; (8) the amount involved was minimal, although not necessarily for FLSA litigation, and the results obtained were successful; (9) the experience, reputation and ability of plaintiff's attorney and his law firm has already been considered; (10) the case was not undesirable; (11) the nature and length

4

of the professional relationship with the client is not a factor; and (12) the awards in similar cases are not relevant because the lodestar amount here depends on the actual hours worked and hourly rate of pay. In light of this analysis, no adjustment need be made to the lodestar.

## CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the sum of $6498.00 in attorney's fees for the services of G. Andrew Veazey and his paralegal Angela Dugas be awarded to the plaintiff, Terry B. Campbell, Jr.

Signed October 10, 2014, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE